LUIS M. MORERA ET AL., Petitioners, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1282.   Argued March 24, 1942.—Decided March 27, 1942.

*Mariano H. Ramírez* for petitioners. *Miguel· A. García Méndez* and *Carlos García Méndez* for plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Luis M. Morera and José Ramírez Martín, through their attorney, on March 18, 1942, applied to this Supreme Court for a writ of prohibition directed to the District Judge of Mayagüez, commanding him to cease entertaining jurisdiction in an injunction proceeding to recover possession, of which he had taken cognizance, or, in default thereof, for a writ of certiorari to bring up the record in the injunction proceeding and to review the same in order to set aside certain orders which had been rendered therein.

After the petition had been examined, the writ of certiorari was issued and the case was set for hearing on the 24th instant. The record was sent up and the hearing was held on the day set. The petitioners appeared represented by their attorney, and Enrique Pérez Olivencia, plaintiff in the injunction proceeding, likewise appeared represented by his counsel, and in addition filed an opposition in writing.

The original record shows that on March 5, 1942, Enrique Pérez Olivencia instituted, in the District Court of Mayagüez, an injunction proceeding for the recovery of possession, directed against Ramón Rivera, Benigno González and

José Ramírez Martín, and alleged that he was the owner of a 23-acre (*cuerdas*) parcel of land, located in the ward (*barrio*) of Bateyes, Mayagüez, and which he described; that said parcel "was surrounded by others belonging to different owners and having no access to any public highway other than that provided by a road laid and constantly used from time immemorial over two small parcels now belonging to Messrs. Ramón Rivera and Benigno González"; that within the next preceding year, that is, up to December 1941, he was in the possession and enjoyment of said road and transported over it the cane crop and other products of his property until passage was obstructed by the erection of a wire fence without his consent and against his will; that the other defendant, José Ramírez Martín, aided in the closing of the road and has stated that he will continue to obstruct the passage over the same; that unless the possession and use of the road are restored to him, irreparable damage, which he described, will be caused to him; and that he has no other speedy, effective, and adequate remedy than that of injunction to which he has resorted. He prayed for the granting of a permanent writ and, moreover, in view of the urgency of the case, for the issuance of a preliminary injunction upon the furnishing of a bond.

On the same day of the filing of the complaint, the court set the case for hearing on March 20, and ordered the issuance of a preliminary injunction upon the giving of a bond for $500, which was promptly furnished. The preliminary injunction issued provided that the defendants should not only refrain from further obstructing the use of the road by the plaintiff but also remove the fences which they had erected on the same.

The defendants having been served with summons on March 6, they filed, on the 10th, a motion "requesting that the restraining order be set aside." On the same day, the court set said motion for hearing on March 13. The grounds for such request may be summarized as follows:

That the plaintiff in his complaint had not prayed for the issuance of said restraining order; that the order referred to a road which reached the public highway, whereas the one described in the complaint only crossed two parcels without touching the highway; that the complaint did not state facts sufficient to constitute a cause of action; that none of the defendants had control or possession of the road, as the latter belonged to the Government of the United States, acting through its agency the P.R.R.A.; that said road formed part of another road, built by the United States, through the P. R.R.A., on the Marini Estate, a 141-acre property which belonged to the United States and was described, and that, although the defendant José Ramírez, as manager of the Housing Project in said property, had custody and control of the road up to March 7, 1942, another person had since been appointed to succeed him; that in these circumstances, it was impossible for the defendants to obey or comply with the restraining order in the sense of removing the fence which obstructs the passage of the plaintiff; that although it was true that during the 1940 grinding season, up to May, the plaintiff had used said road for transporting his cane, this was due to a permit granted by the United States through the P.R.R.A., the term for such permit having already expired; and that, as appears from the foregoing statements, the real party in interest and affected was the United States, which could not be sued without its consent.

On March 11 the plaintiff applied to the court for a rule directing the defendant Ramírez to show cause why he should not be punished as for contempt, and alleged that said defendant had refused to remove the fence, stating, in the presence of the Marshal, that he would not permit the passage; and that, after the cane had been cut—a fact of which Ramírez had knowledge—the latter caused a ditch to be dug in the center of the road with the deliberate intention to prevent passage over the road. The court made an order accordingly and set the hearing for March 12.

The defendant Ramírez filed an answer to the motion. He denied plaintiff's allegations, and stated his version of the occurrence. This was followed by two letters of the Manager of the P.R.R.A., dated March 9, one of which was addressed to Ramírez, relieving him from his duties in connection with the road, and the other to Luis M. Morera, directing him to take charge of the road in his capacity as co-ordinator of the Marini Estate.

The record closes with two orders of the court. The first one, dated March 13, disposed of the contempt proceeding, thus:

"For the foregoing reasons, we decide not to punish defendant José Ramírez Martín by fine or imprisonment . . . and said defendant, together with the others, Ramón Rivera, Benigno González, and their associate Luis Morera, to whom the order is extended by reason of his own testimony, taken before this court, acting for themselves or through their attorneys, agents, representatives, workmen, employees, chiefs, relatives, or subordinates, or any other person acting under their control or connected with them, are forthwith enjoined from interfering with the possession or enjoyment by the plaintiff of the road referred to in the complaint for the removal of his cane and other products from his property to the public road or highway over which he must transport them for processing or selling them to avoid loss, and especially they are commanded to proceed to fill up the ditch referred to in the motion for contempt which at present obstructs the passage over said road; and the court warns them that it will act with severity, punishing as for contempt any disobedience of this order; and the marshal of this court is likewise ordered to proceed to fill up said ditch tomorrow morning, employing for this purpose any number of workmen that may be required, if the work is not done today by those hereby commanded to do so as their duty, and to report tomorrow to this court as to what has been done for such further proceedings as may be proper."

The second order, dated March 14, disposed of defendants' motion of March 10, as follows:

"At the hearing the defendants sought to introduce evidence regarding the title to the estate crossed by the road that has given rise to this litigation, and the court rejected the same on the ground

that in this kind of action no allegation or evidence regarding the title to the property may be admitted at all, but that the only issue to be considered and determined is the possession alleged by the plaintiff in his favor of the said road during the year next preceding the filing of the complaint.

"The question was submitted to the court for its decision, which we render on this day to be entered of record.

"The court considers that, under § 3 of the Injunction Act of the Legislature of Puerto Rico, approved March 8, 1906, this court has jurisdiction to take cognizance of the main proceeding on the merits and likewise to issue the injunction *pendente lite* or restraining order sought by the plaintiff upon the filing of a bond, which the latter furnished, to compensate the defendants for any injury that might be caused to them if it were finally held that the plaintiff was not entitled to the possession and use of the road as alleged in his petition.

"Therefore, the motion of the defendants to annul and set aside the injunction *pendente lite* or restraining order is denied, said restraining order to continue in full force and effect until the main proceeding shall have been decided on the merits, which proceeding has already been set for hearing on the 20th instant, all this without any special imposition of costs."

With the exception of the two letters from the Administrator of the P.R.R.A. just mentioned, neither the evidence introduced nor the evidence offered and rejected was incorporated in the record of the injunction proceeding, nor has it been submitted to this court in any way by the petitioners.

The certiorari proceeding was instituted in order to review and set aside the orders of March 13 and 14, on the ground that the district court had acted without jurisdiction, as it appeared from the allegations of the defendants that the real party affected by the proceedings sought to be reviewed would be the United States of America, which can not be sued without their consent, and on the further ground that the restraining order was made to include Luis M. Morera, a witness, whereas said Morera is the agent and servant of the United States.

After a study of all the questions involved, we are of opinion that the writ issued should be discharged.

██ It is true that, under the circumstances of this case, the procedure followed by the district court in issuing the preliminary writ of injunction without hearing the defendants appears to be illegal or at least improper; but the extraordinary writ of certiorari is not the proper remedy for determining the question, inasmuch as it can not be maintained that the court was quite without authority to proceed as it did—*Echevarría et al.* v. *Saurí,* 38 P.R.R. 661, and *Compañía Popular* v. *Suárez,* 52 P.R.R. 240—and the order it made is appealable, the appeal being, in view of the brevity of the record and the mandatory character of the order, a speedy and effective remedy in the ordinary course of law.

█ As to the question of the inclusion of the witness Luis Morera in the injunction, suffice it to say that while the trial court explained in its order that said witness was so included because from his testimony it appeared that he was an *associate* and had intervened in the subject matter of the order, such testimony has not been sent up to this court.

█ Lastly, and going into the jurisdictional question raised, we can not agree with the contention of the petitioners, that the district court was without jurisdiction to take cognizance of the case.

It is sought to recover the use of a road of which the plaintiff alleged to have held possession within the year next preceding the filing of the complaint, and of which use he had been deprived by the acts done by the defendants.

The road crosses the parcels of land occupied by two of the defendants, viz., Ramón Rivera and Benigno González, and even conceding that the parcels belong to the United States and are under the control of the Puerto Rico Reconstruction Administration (P.R.R.A.) and that José Ramírez Martín, the other defendant, and petitioner Luis M. Morera, as the agents of the P.R.R.A., had control of the road, even so, it could not be concluded that it became necessary to sue directly the United States in order to confer jurisdiction on the court to hear and determine the case.

In support of the above conclusion it will be sufficient for us to quote from *Baldrich* v. *Barbour,* 90 F. (2d) 867–869, as follows:

"This is an action brought in the United States District Court for Puerto Rico for the recovery and possession of certain lands situated in Puerto Rico. The original plaintiffs in the action and certain 'plaintiffs in intervention' set forth in their complaint that they are the owners in fee simple of approximately 6,000 acres of land situated in the municipal district of Río Grande, Naguabo, Fajardo, and Luquillo, describing it by boundaries.

"*     *     *     *     *     *     *

"The defendant claims the right of possession of all lands included in the Luquillo Forest Reserve in his capacity as forest supervisor, which includes the lands claimed by the plaintiffs in this action; that they have been occupied and possessed by his predecessors in office since 1903; and the plaintiffs admit that the lands described in the complaint have been in the exclusive possession of the Supervisors of the Forest Reserve since 1913.

"(1) This is clearly not an action to settle the title to the lands. If so, the United States must have been made a party, which could not be done without its consent, *United States* v. *Lee,* 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171; and in this case, which came before this court on demurrer, 71 F. (2d) 9, it was held that it was a suit to recover possession only, and while the defendant must show that the United States had title to sustain his right of possession, the suit was not one to settle the title to the lands described."

The writ issued must be discharged and the case remanded to the district court for further proceeding in accordance with the law.